Excelsior Steel Furnace Company, Appellant, v. Forest City Plumbing & Heating Company et al., Appellees.

GARNISHMENT: Conditional Acceptance of Order. One may not be held as a garnishee when, prior to the garnishment, he has accepted an order, even *conditionally*, from the principal debtor, directing payment to be made to a third party.

*Appeal from Winnebago District Court.*—Joseph J. Clark, Judge.

November 22, 1919.

This is a garnishment proceeding. The controversy is between the plaintiff, as the garnishing creditor, and the American Radiator Company as an intervener, claiming the

fund. There was a judgment for the intervener, and the plaintiff appeals.—*Affirmed.*

*L. A. Jensen* and *J. M. Jensen,* for appellant.

*Thompson, Loth & Sifford,* for appellees.

Evans, J.—The plaintiff was the judgment creditor of the principal defendant, Shirer. The plaintiff caused Jacobs to be garnished, as the supposed debtor of Shirer. Jacobs denied that he was such debtor at the time of the garnishment, though he had previously been a debtor to Shirer. Some weeks before the garnishment, Jacobs had accepted an order drawn upon him by Shirer to the American Radiator Company, as payee for the full amount which might otherwise be due to Shirer. The American Radiator Company intervened, claiming the fund. Thereupon, Jacobs, as garnishee, paid into court the full amount in his hands, and asked to be discharged as a garnishee.

Jacobs had employed Shirer to put in a plumbing job for him, at a contract price of $140. The performance of this contract by Shirer was in progress when Shirer issued the order above referred to. When the order was presented to Jacobs, nothing was then due Shirer; but the full amount would be due if Shirer performed his contract. Jacobs, therefore, qualified his acceptance with the words "when completed." The performance of the contract by Shirer was still in progress when plaintiff's garnishment was served upon Jacobs.

The argument on behalf of appellant is, in substance, that the order did not, in law, amount to an assignment of the fund; that the order was defective as an assignment because it described no fund, and further, because it was conditional.

It is doubtless true that the acceptance by Jacobs was conditioned upon the performance of the contract by Shirer.

In that sense, the order was not enforcible until the happening of the condition.     But if, on that account, the American Radiator Company could take nothing at the time of the garnishment, because the condition had not then been fully performed, yet the same condition operated in the same way upon the plaintiff as a garnishing creditor.

Whatever the effect of the order and its acceptance as a mere assignment, yet it remains true that, after the acceptance of the order even conditionally, Jacobs was no longer indebted to Shirer, either conditionally or otherwise.   This, of itself, would discharge the garnishee.   This is the full extent of plaintiff's interest in the proceeding.   If Jacobs was not a debtor to Shirer, then nothing was reached by the garnishment.     Whether Jacobs could have resisted the claim of the intervener, as well as that of plaintiff, is a question in which the plaintiff is not interested.   Whatever condition remained unperformed at the time of the trial, Jacobs waived it, and paid the money into court, and, in effect, interpleaded the plaintiff and intervener.   We think the intervener was entitled to enforce its order.   The trial court properly dismissed the garnishee, and its order is—
*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.